**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

HOWARD E. BLASINGAME,

        Plaintiff,

vs.

ANDREW SAUL[1], Acting Commissioner of Social Security,

        Defendant.

Case No.: 2:16-cv-02203-GMN-BNW

**ORDER**

Pending before the Court are the Motion to Reverse or Remand to the Social Security Administration, (ECF No. 18), filed by Plaintiff Howard E. Blasingame ("Plaintiff"), and the Cross-Motion to Affirm, (ECF No. 22), filed by Defendant Carolyn W. Colvin, then Acting Commissioner of the Social Security Administration (the "Commissioner"). The Motions were referred to the Honorable Brenda Weksler, United States Magistrate Judge, for a report of findings and recommendations pursuant to 28 U.S.C. § 636 (b)(1)(B)–(C).

On September 24, 2019, Judge Weksler entered the Report and Recommendation ("R&R"), (ECF No. 26), which recommends that Plaintiff's Motion to Reverse or Remand be granted in part and the Commissioner's Cross-Motion to Affirm be granted in part and denied in part. The Commissioner filed an Objection to the R&R, (ECF No. 27), and Plaintiff did not file a response.

## I.   BACKGROUND

Plaintiff brings this action against the Commissioner pursuant to 42 U.S.C. § 405(g), seeking judicial review of the Commissioner's final decision denying Plaintiff's claim for

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), the current Acting Commissioner of the Social Security Administration, Andrew Saul, has been substituted as Defendant for the previously named Commissioner, Carolyn W. Colvin.

social security disability benefits under Title II of the Social Security Act, 42 U.S.C. § 401, *et seq.* (*See* Compl. ¶¶ 3, 9, ECF No. 1). Plaintiff applied for disability benefits on March 14, 2012, and his application was denied initially and upon reconsideration. (Admin. R. ("A.R.") at 72, 77, ECF No. 13-1). Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"), who ultimately denied Plaintiff's benefits claim. (*Id.* at 23–29). Plaintiff timely requested Appeals Counsel review of the ALJ's decision, but his request was denied. (*Id.* at 1–5). Plaintiff then filed his Complaint and Motion to Reverse or Remand, petitioning the Court to review the final decision of the Social Security Administration. (*See* ECF Nos. 1, 18).

## II.  LEGAL STANDARD

A party may file specific written objections to the findings and recommendations of a United States Magistrate Judge made pursuant to Local Rule IB 1-4. 28 U.S.C. § 636(b)(1)(B); D. Nev. Local R. IB 3-2. Upon the filing of such objections, the court must make a *de novo* determination of those portions of the recommendation to which objections are made. *Id.* The court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. 28 U.S.C. § 636(b)(1); D. Nev. Local R. IB 3-2(b).

42 U.S.C. § 405(g) provides for judicial review of the Commissioner's disability determinations and authorizes district courts to enter "a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." In undertaking that review, an ALJ's "disability determination should be upheld unless it contains legal error or is not supported by substantial evidence." *Garrison v. Colvin*, 759 F.3d 995, 1009 (9th Cir. 2014) (citation omitted). Substantial evidence is "more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009) (quoting *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995)). A federal court's review of an ALJ's decision on social security disability is limited to determining only

(1) whether the ALJ's findings were supported by substantial evidence, and (2) whether the ALJ applied the proper legal standards. *Smolen v. Chater*, 80 F.3d 1273, 1279 (9th Cir. 1996); *Delorme v. Sullivan*, 924 F.2d 841, 846 (9th Cir. 1991).

## III. <u>DISCUSSION</u>

The R&R recommends remanding Plaintiff's case to the Social Security Administration for reconsideration of Plaintiff's residual functional capacity ("RFC"). (R&R 16:4–6, ECF No. 26). The R&R explains that the opinion of Plaintiff's treating physician regarding Plaintiff's RFC was presented to the Appeals Counsel, but not the ALJ, and the new evidence shows the ALJ's determination that Plaintiff had the RFC to perform light work was not supported by substantial evidence. (*Id.* 11:9–13:6). The Commissioner's Objection argues that the Court should reject the R&R because the new evidence "does not change the fact that substantial evidence supports the ALJ's decision Plaintiff was not disabled." (Obj. 2:3–11, ECF No. 27). The Court addresses the Objection below.

When an ALJ considers medical sources to determine a disability applicant's RFC, the treating physician's opinion is generally entitled to the "greatest weight." *Gardner v. Berryhill*, 856 F.3d 652, 657 (9th Cir. 2017) (internal quotations omitted) (quoting *Tonapetyan v. Halter*, 242 F.3d 1144, 1148 (9th Cir. 2001)). However, the ALJ may disregard the treating physician's opinion if the ALJ sets forth "specific, legitimate reasons for doing so, and this decision must itself be based on substantial evidence." *Rodriguez v. Bowen*, 876 F.2d 759, 762 (9th Cir. 1989) (internal quotations omitted) (quoting *Cotton v. Bowen*, 799 F.2d 1403, 1408 (9th Cir. 1986)). Opinions of the treating physician may not be rejected without specific, legitimate reasons "even where those responses were provided on a 'check-the-box' form, were not accompanied by comments, and did not indicate to the ALJ the basis for the physician's answers." *Trevizo v. Berryhill*, 871 F.3d 664, 683 n.4 (9th Cir. 2017). When a district court reviews whether the ALJ's decision is supported by substantial evidence, the court considers,

"the entire record—including any new evidence in the administrative record that the Appeals Council considered—not just evidence before the ALJ." *Gardner*, 856 F.3d at 656. Generally, "where the critical portions of a treating physician's discredited opinion were presented for the first time to the Appeals Council, '[t]he appropriate remedy . . . is to remand th[e] case to the ALJ to consider the evidence.'" *Id.* at 657–58 (internal modifications original) (quoting *Harman v. Apfel*, 211 F.3d 1172, 1180 (9th Cir. 2000)).

Here, the ALJ concluded that Plaintiff was not disabled because he had the RFC to perform "light work" as defined in 20 C.F.R. § 404.1567(b), including his past relevant work as a car inspector, title clerk, or office clerk. (A.R. at 29). In reaching her conclusion, the ALJ primarily weighed the testimony of two individuals, Max Carter, Ph.D. ("Carter"), the physician assistant for Plaintiff's treating physician, Dr. Alexander Imas, M.D. ("Imas"), and a non-examining Stage agency physician, Dr. Navdeep S. Dhaliwal, M.D. ("Dhaliwal"). (*Id.* at 27–28, 347–59). Carter contended, "the claimant was limited to less than a full range of sedentary work." (*Id.* at 28). The ALJ did not give Carter's assessment "any significant weight" upon finding it was not supported by Imas's progress notes regarding Plaintiff's recovery. (*Id.* at 27). The progress notes indicated that Plaintiff's condition "was either stable or well-controlled on medication." (*Id.*) Importantly, the ALJ highlighted that, "[n]otably there is no opinion in the record from an actual treating physician regarding the claimant's physical capabilities." (*Id.*) Explaining that Dhaliwal found Plaintiff could perform some light work, and given the absence of Imas's opinion in the record, the ALJ "f[ound] [Dhaliwal's testimony] to be a reasonable assessment of the claimant's physical capacities, and adopt[ed] it for the purposes of [her] decision." (*Id.* at 27–28).

Plaintiff attempted to cure the omission of Imas's opinion before the ALJ by presenting Imas's check-the-box RFC evaluation to the Appeals Counsel, which indicated that Plaintiff could only perform part-time work based on his marked pain and physical limitations. (*Id.* at

564–65). The Appeals Counsel included the evidence in the record but denied review of the ALJ's decision. (*Id.* at 2, 5). Plaintiff argues that Imas's evaluation warrants reversal of the ALJ's decision because Imas's opinion is entitled to greater weight than Dhaliwal's, and Imas's evaluation alters how the ALJ should have weighted Carter's testimony. (Mot. Remand 11:13–21, 13:14–24, ECF No. 18).

The Court agrees. Imas's opinion supports Plaintiff's contention that he is disabled because the opinion suggests he cannot perform full-time work. (A.R. at 564–65). The new evidence also supports Carter's testimony explaining Plaintiff's inability to perform full-time work, which may now receive greater weight because it is supported by the opinion testimony of Plaintiff's treating physician. (*Cf.* A.R. at 27) (disregarding Carter's testimony because it was not corroborated by the evidence from the treating physician). The ALJ's disability determination relied on the State agency physician's testimony, which is entitled to lesser weight than that of the treating physician. *Gardner*, 856 F.3d at 657. Additionally, given that the ALJ did not consider the treating physician's testimony, she has not yet provided the requisite specific, legitimate reasons for disregarding the testimony. *See Rodriguez*, 876 F.2d at 762.

The Commissioner argues that the ALJ's decision remains supported by substantial evidence because Imas's progress notes indicate that Plaintiff's condition was stable or well-controlled on medication. (Obj. 3:6–4:4). However, Imas's RFC evaluation indicates that Plaintiff cannot perform full-time work because he cannot continually stand, sit, and/or walk over the course of an eight-hour workday. (A.R. at 566). Viewed in the context of Imas's RFC evaluation, the progress notes may have limited probative value because they do not describe Plaintiff's condition in the context of performing full-time light work. (*See id.* at 27). Even if the Court credits the Commissioner's argument that the progress notes are inconsistent with the newly presented evidence, consistency with the record is but one factor among many for the

ALJ to consider in determining the weight of a newly presented treating physician's opinion. *See* 20 C.F.R. § 404.1527(c)(2)–(6). Therefore, given that the entirety of the record indicates that the ALJ's decision was not supported by substantial evidence because conflicting evidence generally entitled to the most substantial weight was not before the ALJ, the appropriate remedy is to remand to the Social Security Administration. *Gardner*, 856 F.3d at 657–58.

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that the Report and Recommendation, (ECF No. 26), is **ACCEPTED** and **ADOPTED** to the extent it is not inconsistent with this Order**.**

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Reverse or Remand, (ECF No. 18), is **GRANTED in part**. The Court remands this case to the Social Security Administration for rehearing to evaluate evidence submitted to the Appeals Council following the ALJ's decision.

**IT IS FURTHER ORDERED** the Commissioner's Cross-Motion to Affirm, (ECF No. 22), is **GRANTED in part** and **DENIED in part**. The Court affirms the judgment of the Social Security Administration with respect to its evaluation of Plaintiff's pain and symptom testimony. The Court vacates the Social Security Administration's judgment that substantial evidence supports the ALJ's RFC findings.

**DATED** this __8__ day of April, 2020.

_____
Gloria M. Navarro, District Judge
United States District Court